# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-1517

———————————————

United States of America

*Plaintiff - Appellee*

v.

Marcella M. Scharton

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

——————————

Submitted: October 15, 2012
Filed: December 4, 2012
[Unpublished]

——————————

Before LOKEN, SMITH, and BENTON, Circuit Judges.

——————————

BENTON, Circuit Judge.

A jury convicted Marcella M. Scharton of stealing U.S. money or property, defrauding the Social Security Administration (SSA), and making a false statement to the SSA — in violation of 18 U.S.C. § 641 and 42 U.S.C. § 408(a)(4), (a)(3). She

appeals, arguing the district court[1] erred in denying her motion for a mistrial based on the court's questions and comments during trial. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Scharton's husband received Social Security Disability Insurance benefits. A beneficiary cannot earn above the amount that the SSA considers "substantial gainful employment." At trial, an expert testified to this amount. After the government's redirect, this exchange occurred:

> COURT: Mr. Duden, before you step down, just one question. You used the number 810. If you earned more than 810, then the Social Security Administration would – if using the wages or value test, would conclude that you engaged in substantial gainful activity. Did I understand you correctly?
>
> WITNESS: Right. The figure at that point was $810 per month. If the earnings or the value of those earnings was above that amount, we would consider it substantial gainful work.
>
> COURT: And that would be calculated on a monthly basis?
>
> WITNESS: Yes, sir.

During Scharton's follow-up questioning, the court interjected:

Q [by Defense Counsel]: And the determination as to what Mr. Seevers allegedly owes to the Social Security Administration is based upon 2004?

> COURT: [Defense Counsel], the two things – they're different things. The amount that [Scharton's husband] owed back is based upon

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

what he received.  The $810 is a test for whether he's entitled to receive anything.

DEFENSE COUNSEL:  I understand that, but this witness has made it very clear that they – it seems to me that he has made it very clear that [the SSA] decided to use the amount of $810 in 2004 to this continued benefits in 2009, so to speak.  And therefore, they're saying you owe X amount of money based upon the $810 in 2004, and this amount is $76,000, even though that amount of 810 in 2004 changed in 2009, and we do not know what that amount is.

COURT:  Well, this is not a place for us to argue about that, but there are two different questions.  Do you have another follow-up question?

DEFENSE COUNSEL:  No, Your Honor.  I think I'll leave it at that.

The next morning, Scharton moved for a mistrial, which the court denied.  In the final instructions, the judge admonished the jury generally that any questions or remarks by him did not express any opinion about the case.  **Eighth Circuit Model Jury Instructions** § 3.02 (2001).

Scharton argues that the district court's two questions and comments deprived her of a fair trial, requiring a mistrial.  This court reviews for abuse of discretion the denial of a motion for a mistrial.  ***United States v. Brandon***, 521 F.3d 1019, 1026 (8th Cir. 2008).  "The district court may question witnesses to clarify 'legal and factual matters' so long as the court 'remains impartial and does not become an advocate for either side.'"  ***United States v. Pickar***, 616 F.3d 821, 827 (8th Cir. 2010), *citing* ***United States v. Henderson***, 770 F.2d 724, 729 (8th Cir. 1985).  This court uses a "balancing test . . . to evaluate whether in the context of the overall record the court's questions destroyed the fairness of a trial."  ***United States v. Flying By***, 511 F.3d 773, 777 (8th Cir. 2007).

The district court's two questions clarified how the SSA determined whether Scharton's husband was substantially, gainfully employed. "The district court was permitted to ask these questions under Fed. R. Evid. 614(b)." *Pickar*, 616 F.3d at 827. The comments clarified the difference between the amount Scharton's husband owed the SSA and the amount the SSA used to determine "substantial gainful employment." Neither the questions nor comments "placed the defense at a disadvantage" or "g[a]ve the jury the impression that the court favored the government." *United States v. Almeida-Perez*, 549 F.3d 1162, 1174 (8th Cir. 2008); *cf. United States v. Van Dyke*, 14 F.3d 415, 418 (8th Cir. 1994) (holding that the district court's "one-sided and distractive" comments "throughout the trial" deprived the defendant of a fair trial); *United States v. Singer*, 710 F.2d 431, 436 (8th Cir. 1983) (en banc) ("[T]he judge injected himself into the trial throughout the entire proceeding.").

The judgment of the district court is affirmed.

_____